**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JEREMIAH JOHNSON-EL,<br><br>    Plaintiff,<br><br>    v.<br><br>JAMIE M. OLIVIA, *et al.*,<br><br>    Defendants. | No. 24cv9460 (EP) (SDA)<br><br>**MEMORANDUM ORDER** |

**PADIN, District Judge.**

**I.   BACKGROUND**

*Pro se* Plaintiff Jeremiah Johnson-El seeks to bring what appears to be Section 1983 claims against various police officers and others *in forma pauperis* ("IFP"). D.E.s 1-2. This case was transferred to this Court from the Southern District of New York, which did not decide Plaintiff's initial IFP application. D.E. 4. On October 16, 2024, the Court denied Plaintiff's first IFP application and allowed Plaintiff to submit a second IFP application with additional detail. D.E. 6.

On November 21, 2024, Plaintiff filed a second IFP application with additional and inconsistent statements about his ability to pay court costs. D.E. 7. Plaintiff accompanied his IFP application with a "motion for injunctive relief," which the Court construes as a motion for a preliminary injunction pursuant to Federal Rule of Civil Procedure 65(a). D.E. 9.

For the reasons below, Plaintiff's second IFP application will be **DENIED**, and his motion for a preliminary injunction, D.E. 9, will be **ADMINISTRATIVELY TERMINATED**. Plaintiff may reapply within **45 days** using Form AO 239, available at https://www.njd.uscourts.gov/forms/application-proceed-forma-pauperis-non-prisoner-ao-239,

accompanied by a sworn affidavit addressing the discrepancies between Plaintiff's first and second IFP applications and providing additional information regarding amounts owed to him, as explained below.

## II.     LEGAL STANDARDS AND ANALYSIS

### A.     Plaintiff's Second IFP Application Will Be Denied

28 U.S.C. § 1915 ensures that "no citizen shall be denied an opportunity to commence, prosecute, or defend an action, civil or criminal, in any court of the United States solely because his poverty makes it impossible for him to pay or secure the costs." *Atkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342 (1948) (internal quotation omitted). To satisfy this test, a litigant must demonstrate that he "cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339 (internal quotation marks omitted). "A court's decision to grant or deny an IFP application is within its sound discretion, *see Cotto v. Tennis*, 369 F. App'x 321, 322 (3d Cir. 2010) (citing *Jones v. Zimmerman*, 752 F.2d 76, 78 (3d Cir. 1985)), and based solely on the economic eligibility of the applicant, *Sinwell v. Shapp*, 536 F.2d 15, 19 (3d Cir. 1976)." *Chrustowski v. Archer & Greiner*, 2024 WL 1299637, at *1 (D.N.J. Mar. 26, 2024). "[A] court may deny an applicant's request to proceed [IFP] where an applicant submits multiple IFP applications that are inconsistent with one another." *Id.* (citing *Smart v. Gloucester Twp. Mun. Corp.*, 229 F. App'x 87, 89 (3d Cir. 2007)).

Plaintiff's first IFP application inconsistently stated that he made both $1,500 and $3,000 in gross monthly wages. D.E. 2 at 1. Plaintiff also failed to include details called for in the Southern District of New York's IFP application form—he provided no values associated with any of the other information called for apart from his inconsistent statements regarding his monthly wages. *Id.* at 1-2.

Plaintiff's second IFP application is both internally inconsistent and inconsistent with his first IFP application, with no explanation accounting for such inconsistencies. Now, Plaintiff claims that his average monthly income during the past 12 months was $20,000 from his job as a commercial driver, D.E. 7 at 1, but then states that his total average monthly income during the past 12 months is $3,600, without providing any additional or different sources of income, *id.* at 2. Even if Plaintiff mistakenly included $20,000 as an annual figure, the monthly amount associated with that annual income would be $1,666.67. Plaintiff does not explain the inconsistency between these figures and the $3,600 total average monthly income over the past year he claims to have made.

Furthermore, Plaintiff's second IFP application discloses that he is owed $300,000 from an individual by the name of "Ceasar Montrose." *Id.* at 3. The nature of this debt is highly relevant to Plaintiff's ability to afford the filing fee in this matter, and, without additional information regarding this debt (including when Plaintiff expects to collect this debt and any contingencies associated with the receipt of these funds), the Court cannot determine that Plaintiff is unable to afford the filing fee.

Therefore, Plaintiff's second IFP application will be **DENIED** *without prejudice*. If Plaintiff wishes to proceed IFP, he must submit a new IFP application along with a sworn affidavit fully and adequately explaining the inconsistencies between his first and second IFP applications as well as the internal inconsistencies within each of his previous two IFP applications as explained above. Plaintiff's sworn affidavit must also provide further information regarding the $300,000 he claims he is owed by Ceasar Montrose (including the basis for why he is owed that amount), when Plaintiff expects to collect those funds, and any contingencies associated with collecting.

     **B.**     **Plaintiff's Motion for a Preliminary Injunction Will Be Administratively Terminated as Premature**

Plaintiff's second IFP application was accompanied by a motion for a preliminary injunction. D.E. 9. A preliminary injunction may only be issued on notice to the adverse party. Fed. R. Civ. P. 65(a)(1). Plaintiff has not made efforts to notify the adverse parties of his motion. Furthermore, Plaintiff has not paid the filing fee in this matter and has not been granted leave to proceed IFP. *See* 28 U.S.C. § 1915(a). Unless Plaintiff pays the filing fee or this Court grants him IFP status, this case will not proceed. Therefore, Plaintiff's motion for a preliminary injunction will be **ADMINISTRATIVELY TERMINATED**.

### III.   CONCLUSION AND ORDER

Therefore, for the foregoing reasons, **IT IS** on this 13th day of December, 2024;

**ORDERED** that Plaintiff's second application to proceed IFP, D.E. 7, is **DENIED** *without prejudice*; and it is further

**ORDERED** that if Plaintiff wishes to proceed IFP, he must, within **45 days** of this Order, submit (a) a revised financial affidavit using Form AO 239, also available at https://www.njd.uscourts.gov/forms/application-proceed-forma-pauperis-non-prisoner-ao-239, that completely and accurately lists and explains all amounts and information called for by the form, and (b) **a sworn affidavit** adequately explaining the inconsistencies discussed above as well as the nature of the $300,000 allegedly owed to him as detailed above; and it is further

**ORDERED** that, alternatively, within **45 days** of this Order, Plaintiff may pay the full $405 filing fee; and it is further

**ORDERED** that Plaintiff's motion for a preliminary injunction, D.E. 9, is **ADMINISTRATIVELY TERMINATED**; and it is further

**ORDERED** that the Clerk of Court shall mail a copy of this Memorandum Order, along with a copy of Form AO 239, to Plaintiff; and it is finally

**ORDERED** that the Clerk of Court shall **REOPEN** this action upon payment of the filing fee or the Court's granting of a subsequent IFP application.

Dated: December 13, 2024

      /s/ Evelyn Padin
Evelyn Padin, U.S.D.J.